ANDRÉU, AGUILAR & Co., INC., Plaintiff and Appellee, *v.* JESÚS BENÍTEZ CASTAÑO, ETC., ET AL., Defendants and Appellants.

No. 7638.    Argued June 13, 1939.—Decided April 26, 1940.

*J. Valldejuli Rodríguez* for appellants.    *Juan J. Fuertes* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The City Manager and the Treasurer of the Municipality now known as the Capital of Puerto Rico, defendants in a

suit to enjoin the collection of certain license taxes, appeal from an adverse decree. Two questions are involved. The first is whether complainant had an adequate remedy at law.

■ Section 46 of "An Act to establish a special government for the Capital of Puerto Rico and for other purposes," approved May 15, 1931 (Session Laws, pp. 626, 652) conferred upon the District Court of San Juan the power:

"(b) To stay by injunction the execution of any ordinance, act, resolution or order of the Board, or of any official of the Capital, which infringes rights guaranteed by the Organic Act or by Insular laws."

In 1933 (Session Laws of that year, p. 254) a new section was added to the law of 1931. It provided for the payment of taxes under protest and for a recovery thereof if unjust or illegal. This remedy was made exclusive. There was no provision for the payment of interest. The remedy was inadequate. *Plaza Provision Co., Inc.* v. *Benítez, City Manager*, 51 P.R.R. 636.

■ The second question involves the validity of certain municipal ordinances.

Sections 1 and 2 of "An Act authorizing the municipalities of the Island of Puerto Rico to levy and collect annual taxes . . . ., and for other purposes," approved March 28, 1914 (Session Laws, p. 174) authorized municipal councils of the Island to levy and collect on and from every person, firm or corporation engaged in "the sale of automobiles or automobile supplies or . . . the storage or repair of automobiles" certain taxes. Among the sources of revenue provided by section 40 of Act No. 99, "To establish a special government for the Capital of Puerto Rico and for other purposes," approved May 15, 1931, (Session Laws, pp. 626, 648) are:

"(e) The commercial and industrial license taxes provided by Act No. 26, approved by the Legislature of Porto Rico on March 28, 1914, and on such other commercial and industrial establishments

as the Board of Commissioners may determine, as stated in section 18 of this Act."

Section 18 of the Act reads in part as follows:

"Subject to other provisions of this Act, the Board of Commissioners shall have, among its other legislative and administrative powers, the following special powers:

" *     ·     *     *     *     *     *

"(4) To levy reasonable taxes and excises within the jurisdictional limits of the Capital; *Provided,* That for the purpose of applying the industrial and commercial license tax act approved by the Legislature of Porto Rico on March 28, 1914, the Board of Commissioners is hereby authorized to include, by means of an ordinance or resolution, any industrial or commercial establishment or agency not enumerated in said act."

Section 99 of Act No. 85, "To provide revenues for the People of Porto Rico by levying . . . certain excise and license taxes on certain occupations, industries or businesses; . . ., and for other purposes," approved August 20, 1925 (Session Laws, pp. 584, 652) follows:

"From and after the date of approval of this Act, no municipal district or other administrative division of Porto Rico may levy or collect any excise or local tax on any article subject to taxation under the provisions of this Act; *Provided,* That nothing herein contained shall be understood to repeal in whole or in part Act No. 26, entitled 'An Act authorizing the municipalities of the Island of Porto Rico to levy and collect annual taxes to be used in meeting their budgetary expenses, and for other purposes,' approved March 28, 1914; *And provided, further,* That when the levying of a license tax is in conflict with the tax levied in accordance with the general Excise Tax Law and both cannot be made effective, it shall be understood that the tax levied under the Excise Tax Law shall prevail."

Complainant, as a dealer in motor vehicles and in parts, accessories, tires and inner tubes for motor vehicles, had paid the license tax imposed by section 84 of the Revenue Law, as amended by Act No. 17, approved June 3, 1927 (Session Laws, p. 458, 476) and by Act No. 83, approved May 6, 1931 (Session Laws, p. 504, 516). The ordinances which

gave rise to the suit for injunction, provided for the payment of like taxes on the same business. They were *ultra vires* and void. *Mayagüez L. P. & I. Co.* v. *Green,* 36 P.R.R. 293; *Porto Rico Distilling Co.* v. *Seijo,* 42 P.R.R. 409 and *People* v. *Irizarry,* 46 P.R.R. 867.

The decree of the district court must be affirmed.